RECEIVED

JUN 13 2013

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Elma J. Augustine<br>3769 Estate Court NE<br>Bemidji, MN 56601 | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Docket No. _____ |
| | ) |
| UNITED STATES OF AMERICA | )<br>) |
| Eric Holder<br>The U.S. Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530 | )<br>)<br>)<br>)<br>) |
| B. Todd Jones<br>U.S. Attorney for the District of Minnesota<br>U.S. Courthouse<br>300 S 4th Street, Suite 600<br>Minneapolis, MN 55415 | )<br>)<br>)<br>)<br>)<br>) |
| Internal Revenue Service<br>1111 Constitution Ave., NW<br>Washington, DC 20224 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT FOR DAMAGES FOR ILLEGAL TAX COLLECTIONS
UNDER §7433 (Jury Trial Requested)**

**COMPLAINT**

Plaintiff Elma J. Augustine complains of Defendant, United States of America, and seeks

damages for illegal tax collection under I.R.C. §7433.

I.   INTRODUCTION

    1.  This Complaint is being filed under F.R.C.P. 4.

SCANNED

JUN 13 2013

U.S. DISTRICT COURT ST. PAUL

2. This is an action brought under 26 U.S.C. §7433 for

    i.   actual damages of over $58,027 (thru April 2013) and estimated damages of $63,308 through June 2013 , and other damages flowing from said illegal levies, which are continuing; fees and costs for illegal Internal Revenue Service levies on Plaintiff's oil royalties, and checking accounts;

    ii.   return of monies illegally taken;

    iii.   plus interest;

in a final amount to be proven at trial.

3. Further, Plaintiff requests a Temporary Restraining Order against IRS to remove the illegal liens and halt the illegal levies. In the alternative, should the TRO not be granted, the damages awarded to Plaintiff should be increased by $1,000 per day that the liens and levies remain in place after the filing of this lawsuit and notice to the Defendants.

4. Plaintiff requests trial by jury, pursuant to F.R.C.P. 38.

5. This Court has jurisdiction pursuant to 28 U.S.C §1331 as this action involves federal statutes and a defendant federal agency, plus I.R.C. §7433, F.R.C.P. 65, 28 U.S.C. §§ 451, 1331, 1357, 1631, and 1391(c). The United States is a Citizen of this district.

6. Plaintiff is a Citizen and resident of the State of Minnesota.

II. FACTS

1. From June14, 2011 the IRS began levying Plaintiff's monies from various sources in their entirety. See the table attached as exhibit A.

2. The illegal levy on Plaintiff's monies caused immense financial hardship from June 2011 and continuing to this date.

3. Plaintiff received "Final Notice: Notice of Intent to Levy and Notice of Your Right to a Hearing" from Revenue Officer John T. Miller at the Internal Revenue Service, hereinafter "IRS", dated September 8, 2006, pertaining to 1040 taxes for tax years 1998 through 2002 which stated, "if you wish to request an Appeals hearing, complete the enclosed form 12153, *Request for a Collection Due Process or Equivalent Hearing*, and send it to us within 30 days from this letter's date."

4. Plaintiff responded with written correspondence dated September 22, 2006.

5. Plaintiff received a second "Final Notice: Notice of Intent to Levy and Notice of Your Right to a Hearing" from Revenue Officer John T. Miller at the Internal Revenue Service, dated August 14, 2007, pertaining to 1040 taxes for tax years 1998 through 2003.

6. Plaintiff received "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" from John T. Miller, dated August 28, 2007.

7. Pursuant to IRC §§ 6320 and 6330, Plaintiff requested a CDP Hearing on September 12, 2007.

8. On November 14, 2007 a Notice of Determination was issued upholding the Notice of Lien and Notice of Levy for tax years 1998-2003.

9. On September 7, 2007 a summons was issued to Edward Jones financial investment services requesting records for the calendar year 2004. Plaintiff had received no previous information from the IRS concerning any inquires on deficiencies or collection

action for 2004.

10.  Plaintiff did not receive any Notice of Deficiencies from the IRS nor any Notice of Final

Intent to Levy and Your Right to a Hearing for tax years 2004, 2005 and 2006. Plaintiff

had absolutely no warning and no chance to defend herself in Tax Court or apply for a

CDP Hearing for tax years 2004-2006.

11.  On June 14, 2011, Plaintiff's bank account at Wells Fargo was levied in the amount of

$1089.75. Thus began a series of levies with other companies as well. See exhibit A for

dates and amounts of levies.

12.  Plaintiff received a few letters from companies explaining that garnishments were to be

sent to the IRS. Some companies did not report to Plaintiff any information as is

explained in exhibit A.

13.  As of this date, Plaintiff has written a letter to Revenue Officer James T. Miller, Plaintiff

asked for the funds that were taken that exceeded the levy to be returned to Plaintiff.

14.  As of this date, Plaintiff Collection Advisory Group in the IRS St. Paul, MN office, with a

copy to TGITA, c/o Special Agent Dwaine Brinson stating concern over the type of

collection action against Plaintiff by John T. Miller.

15.  As of this date, Plaintiff wrote letters to Congressman Collin C. Peterson, Congressman

Rick Nolan, Senator Amy Klobuchar, and Senator Alan Franklin.

IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Plaintiffs have exhausted their administrative remedies. They have written the I.R.S.,

the Taxpayer's Advocate, the TIGTA and their Congressman.

2. Plaintiff has sent out her "ADMINISTRATIVE CLAIMS FOR UNAUTHORIZED COLLECTION ACTIONS UNDER I.R.S. §7433 AND 26 C.F.R 301.7433-1".

3. Since the tax service has not made any denials, they have in fact admitted the above facts and allegations and as much, their guilt. Anything not expressly denied is deemed as admitted.

V. DAMAGES

1. Plaintiff was denied the necessities of life due to the levies on her monies and the retaliation of the IRS. Due to the excessive levy on Plaintiff's paycheck, her investment account and her bank account.

2. This loss of income has left me to go to the food shelf for food without enough money for gasoline for car and any income to pay the Taxes due on the oil wells. It's pretty hard to pay taxes when the IRS is taking 100% of the income. Due to the recalcitrance of the IRS, Plaintiff suffered anguish, anxiety, physical and emotional distress. Plaintiff must rely on friends and relatives for her means of life. To stop the robbery of her monies, Plaintiff has had to hire expensive tax and legal professionals to assist and advise her.

3. The damages include approximately $58,027 for excessive levies on Plaintiffs' monies plus interest, attorney's fees, costs, etc.

4. It is a well-known philosophy of the Internal Revenue Service to "balance the government's needs to efficiently collect the taxes due with [the taxpayer's] concerns that the action taken be no more intrusive than is necessary pursuant to I.R.C. § 6329(c)(3)(C)." The actions taken by the IRS in Plaintiff's case clearly violates not only

this principle but the law that states that even a *legal* levy cannot take more than 15%

of any monies paid to taxpayer.

5. In this case, Plaintiff has been adversely impacted by being allowed only a small

   percentage of her money a month with which to pay other outstanding debts, daily

   living expenses, and household expenses, including, but not limited to utilities and

   property taxes. The actions of the IRS are far more intrusive than necessary to collect

   the debt from the Plaintiff, and the basic liberty rights of the Plaintiff's household are

   restricted and controlled by the IRS as is demonstrated in the fact that the levies have

   created a sub-standard of living for Plaintiff's household

6. The government's needs to efficiently collect the taxes are a legitimate concern for the

   Taxpayer, but running the Taxpayer in the ground with little funds to live on will

   eventually prove to be counterproductive and less efficient for the government if

   Plaintiff is forced to continue living under poverty conditions. It is criminal for the IRS to

   be so concerned with taking the funds owed by the taxpayers that they are left

   destitute.

7. Plaintiff has been very frugal with her funds since she has been left with little to survive

   on. Even the cost of running her home from heating and cooling to doing housework,

   cooking, and bathing has exceeded her current financial ability.

8. The levy on Plaintiff's investment accounts caused a hindrance for the Plaintiff, who did

   not enjoy due process prior to the IRS seizing her funds. In addition, the levy was

   excessive, leaving Plaintiff with no funds with which to pay for groceries, gas, utilities

and other living expenses.

9.  Summary of damages. According to the Plaintiff, the IRS confiscated about $58,027 (thru

    April 2013) and an estimated $63,308 amount through June 15, 2013. This does not

    include interest and penalties accrued on bills that were delinquent or unpaid, which

    may be submitted at a later time. This also does not include the monies paid to tax

    resolution agencies to assist in preparation of financial documents.

10. Due to the amount of the excess levies, Plaintiff must borrow money to pay the

    property taxes due on lands which contains the mineral rights. These taxes amount to

    approximately $7421. Without these taxes paid annually, Plaintiff will lose all rights to

    the land and the royalties. A logical conclusion would be that the source of monies for

    the IRS (i.e. royalties) would then be dried up and Plaintiff would need to be placed in

    non-collectible status.

11. In addition to the collection of levies, Plaintiff's home has a lien on it. Plaintiff's home is

    in danger of foreclosure, leaving Plaintiff with no place to live since she cannot afford

    any housing while the IRS is taking 95% of her income.

12. Plaintiff is unable to apply for a loan or get any work while a lien is pending against her

    credit record.

VI. CONCLUSION

1.  The Congress of the United States enacted the Unauthorized Tax Collection Act as part

    of the Taxpayer Bill of Rights II. The elected representatives of the People were appalled

    over certain incidences of vengeance of the Tax Service and many incidences of heinous

and vindictive actions by tax collectors. Some collection agents made no effort to obey

the laws of Congress, the agency regulations, or IRS policies. The agency supervisors and

the inspection division of the IRS were aware of these travesties against the people of

the United States of America and chose to look the other way. Therefore, to make

agents obey the law, Congress passed remedial legislation.

2. In order to encourage citizens, like the Plaintiff who was aggrieved, Congress made this

   a self-help enactment with ample provisions for attorney fees and damages similar to

   other federal bounty hunter statutes.

3. Consequently, to effect the will of Congress, this Honorable Court should maximize the

   damages awarded to the tax victims.

**Wherefore**, Plaintiff requests that this Honorable Court do grant the relief herein requested in

the amount of $58,027 (thru April 2013) and an estimated amount of $63,308 through June,

along with the accrued amount of the excess levies at the time of Judgment as well as fees,

costs, and other relief the Court deems appropriate.


Respectfully submitted,

*Elma J. Augustine*
Elma J. Augustine
3769 Estate Court NE
Bemidji, MN 56601

Date: June 13, 2013